## KEYSTONE BREWING CO. et al. v. UNITED STATES.*

(Circuit Court of Appeals, Third Circuit. February 16, 1925.)

No. 3226.

**Intoxicating liquors ⊙⇒279—Order adjudging defendants in contempt for violation of injunction held sustained by evidence.**

An order adjudging defendants in contempt for violation of an injunction restraining them, as managers of a brewery permitted to be operated by the court, pending a suit against it as a nuisance, from manufacturing or removing therefrom intoxicating liquor, *held* fully sustained by the evidence.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit in equity by the United States against the Keystone Brewing Company and

*Certiorari denied 45 S. Ct. 509, 69 L. Ed. —.

others. From an order adjudging M. J. Dempsey and W. W. Walsh, defendants, guilty of contempt, they bring error. Affirmed.

Thomas A. Donahoe, Thomas F. Hanahue, P. E. Kilcullen, William J. Fitzgerald, and O'Brien & Kelly, all of Scranton, Pa., for plaintiffs in error.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is a writ of error sued out by M. J. Dempsey and W. W. Walsh from an order made by the court below adjudging them guilty of contempt of court and imposing fines and imprisonment. During all the times and transactions here involved Dempsey was president and Walsh secretary and treasurer of the Keystone Brewing Company. The proceeding below was begun by the United States filing a bill in equity against the Keystone Brewing Company, Dempsey, and Walsh, charging violations of the prohibition laws. It prayed injunctive relief against further unlawful acts by defendants, and that the brewery be adjudged a nuisance and closed. Instead of closing it, as the court might have done on the proofs produced, it permitted its operations to be continued in a lawful manner, and on April 24, 1923, granted an injunction order, pending final hearing, wherein Dempsey and Walsh were enjoined from manufacturing or removing from the premises any intoxicating liquor, as defined in section 1, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½). In taking this step, as appears from the subsequent proceedings, the court then gave Walsh and Dempsey friendly caution, and they were allowed to continue their business, a course of procedure quite similar to that followed in our case of Westmoreland Brewing Co. v. United States (C. C. A.) 294 F. 740.

Instead of appreciating the opportunity afforded them of doing a lawful business while the cause was pending, these defendants, to whose care the brewery and the conduct of its work was intrusted by the court, have abused and condemned its injunction. That its orders were flagrantly violated is too plain for discussion. Beer of unlawful character was made and stored on the premises in such large quantities, and carried away in such volume as could only be done with the connivance and consent of these executive officers. In July following, the premises were visited under a search warrant, and the 24 vats therein contained hundreds of barrels of beer of unlawful excess alcohol. Large trucks belonging to the brewery, or to Walsh personally were seized while transporting truckload barrels of such beer from the brewery to the railroad. The proof was abundant to show a most flagrant violation by these defendants of the court's injunction, and the nature of the contempt made the case one for the court itself, not a jury, to examine into and decide.

We find no error in its action. Its judgment is therefore affirmed, and the record will be remanded for execution of sentence.